**Xue Lin RON, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE & ATTORNEY GENERAL GONZALES, Respondent.**

**Docket No. 03–40899–AG.**

United States Court of Appeals, Second Circuit.

Sept. 6, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Christy C. Wiegand, Assistant United States Attorney for the Western District of Pennsylvania (Mary Beth Buchanan, United States Attorney), Pittsburgh, PA, for Respondent, of counsel.

Present: HMESKILL, SACK, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition be, and it hereby is, DENIED.

Petitioner Xue Lin Ron, a citizen of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") dated October 15, 2003, affirming the decision of an Immigration Judge ("IJ") dated July 15, 2002, denying her application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT").

We review the IJ's factual findings for substantial evidence. "Under this standard, a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). To reverse under this standard, we must conclude that "a reasonable fact-finder would be *compelled* to credit [the petitioner's] testimony." *Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (emphasis added). Thus, our review is "exceedingly narrow." *Id.* (internal quotation marks and citation omitted).

Upon a thorough review of the record, we conclude that substantial evidence supports the IJ's conclusion that Ron's testimony was "very general and meager and also contradicted by current country conditions," and therefore insufficient for the relief Ron seeks. The State Department Profile submitted by the government states that "[t]he U.S. Consulate General in Guangzhou is not aware of any forced abortions of illegitimate children or children of couples with an early marriage." The report also states that it is "unaware of any so-called 'abortion certificates,' which often are presented as part of asylum applications as evidence of a forced abortion." "[T]he only document that might resemble such a certificate ... is a document issued by hospitals upon a patient's request after a voluntary abortion."

In light of the State Department report, the IJ was understandably skeptical as to Ron's credibility. For example, Ron was unable adequately to explain how family planning officials came to suspect that she was pregnant. Substantial evidence further supports the IJ's assessment that the lack of detail in Ron's testimony regarding the circumstances surrounding her abortion "not only clouds the veracity of [Ron's] testimony, it puts into question whether the events ever occurred as stated." Furthermore, key documents Ron

submitted in support of her application—including an abortion certificate that the State Department report tells us is not normally issued in coerced abortion situations, and also two almost identical letters from her boyfriend and her father—also undercut her credibility.

Because Ron's testimony was not credible and there is nothing in the record that supports a conclusion that she would be tortured upon return to China, the IJ was also correct in denying Ron's CAT claim.

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.